**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 19-63 |
| GUY MENARD CHARLES | |

<u>**MEMORANDUM RE: DEFENDANT'S MOTION TO SUPPRESS**</u>

**Baylson, J.**                                                                                     **January 26, 2022**

Before the Court is Defendant Guy Menard Charles's Motion to Suppress (ECF 78). Charles has been charged with numerous offenses based on an alleged conspiracy to defraud the federal government through filing false tax forms.  The Motion revolves around the evidence found by federal agents in a search of Charles's Florida residence that was authorized by a search warrant. Defendant seeks to suppress the evidence on the grounds that the search was unconstitutional.

I.      **Background and Parties' Contentions**

The dispute between the parties centers on whether the search warrant was properly issued. Defendant asserts that the supporting affidavit signed by Special Agent Tommy Villanueva establishing probable cause was based exclusively on information provided by unreliable co-conspirators cooperating with the government who had reason to fabricate information.  (MtS 2.) Specifically, the affidavit states that Charles was identified as a target for investigation by a cooperating defendant (CD-1) who had been providing information since 2015, had provided information corroborated by other cooperating defendants, and had been fully cooperative with federal agents.  (<u>Id.</u>)  The affidavit also states that a cooperating witness, the basis for whose reliability is not discussed, provided information implicating Charles in the alleged conspiracy. (<u>Id.</u> at 3.)

Defendant argues that because CD-1's proffered information was corroborated only by other cooperating defendants and not by an independent investigation by law enforcement, CD-1 was not a sufficiently reliable source to establish probable cause. (Id. at 2.) Defendant further asserts that the affidavit omitted a material fact bearing on CD-1's reliability: that CD-1 has a significant criminal record. This criminal record, argues Defendant, gave CD-1 an incentive to ascribe criminal intent to innocuous documents and text messages in order to reduce the threat CD-1 faces of prosecution and sentencing. (Id. at 3.) Defendant therefore seeks to suppress the fruits of the search of Charles's Florida residence.

In its Response (ECF 86), the Government argues that much of the information provided by CD-1 was corroborated by IRS records. (MtS Resp. 6–8.) The Government additionally argues that CD-1's criminal history was not material to the decision to issue the search warrant given the corroboration of CD-1's information (id. at 6), and that there is no reason to believe that information about CD-1's criminal record was omitted to mislead the judge (id. at 4–5). Finally, the Government argues that even if the information directly provided by CD-1 had been excluded from the affidavit, the affidavit would nonetheless have contained sufficient information obtained through documents, both found in a 2015 search of CD-1's home and produced by CD-1, to justify the issuance of the search warrant. (Id. at 8–12.)

## II.    Summary of Oral Argument

The Court held oral argument on the Motion on December 16, 2021. At argument, defense counsel contended that the affidavit contained several material omissions in addition to the omission regarding CD-1's criminal record. Defense counsel asserted that the affidavit contained the following additional omissions:

1. The affidavit did not specify whether the 2015 search of CD-1's home was in relation to the current case;

2. The affidavit did not state that CD-1 and/or the cooperating witness are related to at least some taxpayers whose information was allegedly used in the tax fraud scheme;

3. The affidavit did not specify whether the information CD-1 had been providing since 2015 was in relation to the current case; and

4. The affidavit did not state that CD-1 and the cooperating witness were in a romantic relationship.

The Government did not dispute the accuracy of these asserted facts, nor that they were omitted from the affidavit. Rather, the Government argued that none of these omissions were material.

During the hearing, defense counsel briefly questioned Agent Villanueva. Agent Villanueva clarified that the 2015 search of CD-1's home was indeed in relation to the current case and that the information CD-1 had been providing since 2015 was also in relation to the current case, though CD-1 had provided information in relation to other cases as well. Agent Villanueva also stated that he had been unaware that CD-1 and/or the cooperating witness are related to at least some of the taxpayers whose information was allegedly used fraudulently.

## III.  Legal Standard

The Fourth Amendment of the United States Constitution guarantees that "no Warrants shall issue but upon probable cause, supported by Oath or affirmation." A defendant may challenge an affidavit supporting a warrant on the grounds that the affiant "omitted facts with reckless disregard for the truth." United States v. Yusuf, 461 F.3d 374, 383 (3d Cir. 2006) (quoting Wilson v. Russo, 212 F.3d 781, 783 (3d Cir.2000)). To prevail, a defendant must also establish that the "omissions were material, or necessary, to the probable cause determination." Id.

**IV.     Discussion**

As Defendant observes, "[c]ourts have routinely recognized a distinction between information provided by an informant and that provided by a law enforcement officer or other government agency," and "[i]nformants are not presumed to be credible." Id. at 384.  In order to establish that an informant is credible, "the government is generally required to show by the totality of the circumstances either that the informant has provided reliable information in the past or that the information has been corroborated through independent investigation." Id.

In this case, however, the affidavit supporting the warrant indicates that some amount of the information that CD-1 provided *was* corroborated by independent investigation, such as by checking CD-1's attestations against information in IRS databases for consistency. (See MtS, Ex. A, at 9–10.)  This corroboration establishes CD-1's reliability.  Furthermore, although the Government concedes that the affidavit did omit certain facts about CD-1, there is no evidence that these facts were omitted with reckless disregard to the truth.  The Court therefore finds that the search warrant for Charles's Florida home was not improperly issued.

A separate dispute discussed in the briefs is over a particular binder described by Defendant as containing patient records that Defendant seeks to suppress as outside the scope of the warrant. (MtS 4–5.)  The Government responds that the warrant authorized the seizure of identification records of people other than Defendant and the information in the binder falls within this scope. (MtS Resp. 12–13.)  The Court finds that the binder is within the scope of the warrant.

**V.     Conclusion**

For the foregoing reasons, the Court will deny Defendant's Motion to Suppress.  An appropriate Order follows.