IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA<br><br>v.<br><br>GUY MENARD CHARLES | CRIMINAL ACTION<br><br>NO. 19-63 |
|---|---|

## MEMORANDUM RE: DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL

The Defendant, Guy Menard Charles, was indicted for various criminal offenses arising out of a "tax preparation" business which he maintained for several years. The Superseding Indictment charged him with:

1. Count 1 – Conspiracy to Defraud the United States by Obtaining or Aiding to Obtain the Payment or Allowance of any False, Fictitious or Fraudulent Claim, in violation of 18 U.S.C. § 286.

2. Counts 2-7 – Making or Presenting False, Fictitious or Fraudulent Claims for Payment in the Form of a Tax Return, in violation of 18 U.S.C. § 287.

3. Counts 8-17 – Wire Fraud, in the form of submission of a False Tax Return, in violation of U.S.C. § 1343.

4. Counts 18-23 – Aggravated Identity Theft, of Means of Identification, in violation of 18 U.S.C. § 1028A(a)(1).

A jury trial took place on May 2, 2022 through May 6, 2022. The jury convicted the Defendant on all counts.

Defendant's counsel has filed a well-prepared and researched Memorandum in support of the post-trial motions for judgment of acquittal or a new trial (ECF 130). The Government has responded (ECF 134).

The post-trial motions are limited to Counts 2, 3, 6 – False Claims, and Counts 18-23 – Aggravated Identity Theft.

As a brief review of the evidence, the Government called a co-conspirator, Peterson Rene, who testified in great detail about his participation of the fraudulent scheme with the Defendant, and several taxpayers who testified supported the Government's allegations that the Defendant knew the tax returns Defendant prepared were false.

The main thrust of the defense motion concerning the aggravated identity theft Counts, 8-13, is that the Government failed to prove that the Defendant had any knowledge that the information contained in the returns he prepared was "stolen.," and that defendant had permission from the taxpayers to prepare tax returns that were not true.

The defense has not cited any authority that taxpayer permission negates the crime.

Defendant correctly summarizes Mr. Rene's testimony as not including any facts that would allow the jury to conclude that the information that the Defendant used was "stolen" – but as the Government correctly points out, there is substantial authority that the statute does not require any proof that the data was "stolen."

The Indictment does not allege that the data was stolen, and the Court's charge to the jury did not include any instruction that the Government had to prove that the data was "stolen," only that Defendant knew it was false.

The Government has cited a number of cases from other circuits that supports its arguments. Although the Third Circuit has not ruled on this precise issue, the Third Circuit has noted in a non-precedential opinion in United States v. Carrion-Brito, 362 F. Appx. 267, 273 (3d Cir. 2010), that the record in that case established a factual basis for aggravated identity theft because the defendant there had purchased a name, that he knew belonged to another person, and

2

used the name to obtain a passport—without any requirement of evidence that the name was "stolen."

Similarly, the Government argues its evidence on the False Claims Counts, 2, 3, and 6, was sufficient under the statute even though actual taxpayers whose tax returns were at issue in these 3 counts, were not witnesses at the trial. There was substantial evidence from Mr. Rene and other evidence to allow the jury to conclude that the Defendant knowingly used false information in preparing the tax returns charged in those three counts, without the taxpayers personally appearing at the trial.

The Court has also reviewed the Defendant's Motion for a New Trial which contends that the verdict was against the weight of the evidence. Defendant has not cited any Third Circuit authority that this argument alone can be grounds for a new trial, without any error in the admissibility of evidence or the instructions to the jury. However, the Court disagrees, and would find that the verdict was supported by the weight of the evidence, considering that the jury's verdict is tantamount to accepting the credibility of the Government's witnesses, particularly Mr. Rene.

For all the above reasons, the Defendant's post-trial Motions will be DENIED.